# Exhibit A

10

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
MONTGOMERY County

| For Prothonotary Use Only: |
|---|
| Docket No: 2024-21912 |

Time Stamp

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Matthew Lennon | Experian Information Solutions, Inc. |

**Are money damages requested?** [X] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes  [X] No

**Is this an MDJ Appeal?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: Brett Freeman

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [X] Other: FCRA

*Updated 1/1/2011*

2024-21912-0000  9/16/2024 9:12 AM  # 14577361
Rcpt#2024-65-00509  Fee:$290.00  Complaint Civil Action
Main (Public)
MontCo Prothonotary

| | |
|---|---|
| Matthew Lennon<br>418 Roslyn Ave.<br>Glenside, PA 19038,<br><br>    Plaintiff<br><br>v.<br><br>Experian Information Solutions, Inc.,<br>c/o CT Corporation System<br>160 Mine Lake Ct., Suite 200<br>Raleigh, NC 27615-6417<br><br>    Defendant | IN THE MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS<br><br>Docket No. 2024-21912<br><br>Civil Action<br><br>Montgomery Co Prothonotary<br>SEP 15 '24 AM 9:29 |

## NOTICE

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
100 West Airy Street (Rear)
Norristown, Pennsylvania 19404-0268
(610) 279-9660, Extension 201

Montgomery Co Prothonotary
SEP 15 '24 *9:30

| Matthew Lennon,<br>Plaintiff | IN THE MONTGOMERY COUNTY<br>COURT OF COMMON PLEAS |
|---|---|
| v. | Docket No. 2024-21912 |
| Experian Information Solutions, Inc.,<br>Defendant | Civil Action |

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is a Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, action for damages based on inaccurate information contained in Plaintiff's credit file. Defendant failed to follow reasonable procedures and failed to conduct reasonable investigations with respect to such information.

### PARTIES

2. Plaintiff, Matthew Lennon, is a natural person who resides at 418 Roslyn Ave., Glenside, PA 19038.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Experian Information Solutions, Inc., is a credit bureau doing business in Pennsylvania.

5. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### JURISDICTION AND VENUE

6. Pursuant to 15 U.S.C. § 1681p, this claim can be brought in any court of competent jurisdiction.

7.  Venue is proper in this Court because a substantial part of the claim arose here.

FACTUAL ALLEGATIONS

8.  On or about September 15, 2023, Plaintiff was sued by a third-party entity named Midland Credit Management, Inc. ("Midland") at Docket No. MJ-38102-CV-0000109-2023.

9.  Plaintiff and Midland ultimately resolved that lawsuit by entering into a mutual release ("the Mutual Release").

10. A copy of the Mutual Release is attached hereto as Exhibit A.

11. The Mutual Release was signed by Plaintiff on January 5, 2024, and it was signed by Midland on January 8, 2024.

12. Prior to Midland signing the Mutual Release, Midland was reporting a debt on Plaintiff's credit report in the amount of $3,396 ("the Alleged Account").

13. As part of the Mutual Release, Midland agreed to release Plaintiff "from all claims."

14. The Mutual Release included the Alleged Account.

15. After the Mutual Release was signed, Plaintiff reviewed his credit reports, including a March 8, 2024 consumer disclosure that was prepared by Defendant ("the March Report").

16. The March Report listed the Alleged Account.

17. Specifically, the March Report included a debt allegedly owed to Midland in the amount of $3,396.

18. On or about March 26, 2024, Plaintiff mailed a letter to Defendant in which Plaintiff disputed the Alleged Account ("the First Dispute").

19. In the First Dispute, Plaintiff informed Defendant than he had signed a mutual release with Midland and that he no longer owed the Alleged Account.

20. As part of the First Dispute, Plaintiff included a copy of the Mutual Release.

21. Defendant received the First Dispute shortly after it was mailed.

22. Defendant notified Midland of the First Dispute.

23. In the alternative, Defendant failed to notify Midland of the First Dispute.

24. Plaintiff received investigation results from Defendant dated April 11, 2024.

25. Defendant's April 11, 2024 investigation results indicated that the Midland account had been "Verified and Updated."

26. Defendant's April 11, 2024 investigation results stated that that there was a past due amount on the Alleged Account, however this time the amount increased to $3,397.

27. On or about May 23, 2024, Plaintiff mailed another letter to Defendant in which Plaintiff again disputed the Midland tradeline ("the Second Dispute").

28. In the Second Dispute, Plaintiff again informed Defendant than he had signed a mutual release with Midland and that he no longer owed the Alleged Account.

29. In the Second Dispute, Plaintiff again included a copy of the Mutual Release.

30. Defendant received the Second Dispute shortly after it was mailed.

31. Defendant notified Midland of the Second Dispute.

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

32. In the alternative, Defendant failed to notify Midland of the Second Dispute.

33. Plaintiff received investigation results from Defendant dated June 7, 2024.

34. Defendant's June 7, 2024 investigation results indicated that the Midland account had been "Updated."

35. Defendant's June 7, 2024 investigation results stated that that there was a past due amount on the Alleged Account, however the results stated that the amount had increased to $3,397.

36. At this time, Plaintiff does not know why Defendant's June 7, 2024 results indicated an increased balance to $3,397 for the Alleged Account when Defendant's April 11, 2024 results already indicated this increased balance.

37. On or about June 18, 2024, Plaintiff again disputed the Midland tradeline to Defendant ("the Third Dispute").

38. In the Third Dispute, Plaintiff again informed Defendant than he had signed a mutual release with Midland and that he no longer owed the Alleged Account.

39. In the Third Dispute, Plaintiff again included a copy of the Mutual Release.

40. Plaintiff mailed the Third Dispute himself.

41. Defendant received the Third Dispute shortly after it was mailed.

42. Defendant notified Midland of the Third Dispute.

43. In the alternative, Defendant failed to notify Midland of the Third Dispute.

44. However, rather than respond to the Third Dispute, on June 24, 2024 Defendant sent Plaintiff a letter indicating that it was not going to investigate his dispute because it did not believe that the dispute was sent by him.

4

45. Specifically, Experian's letter stated:

> We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure, we have not taken any action on your alleged request. According to the federal Fair Credit Reporting Act, "if the completeness or accuracy of any item of information contained in a consumer's file of a national consumer credit reporting company is disputed by the consumer and the consumer notifies the company directly of such dispute, the company shall reinvestigate free of charge." Therefore, you can dispute any inaccurate information directly with Experian for free.
>
> If you believe that information in your personal credit report is inaccurate or incomplete, please call us at the phone number 833-421-3400 or visit our secure web site to upload your documents at www.experian.com/dispute.

46. As of August 28, 2024, the Alleged Account is still listed on Plaintiff's credit report with Defendant.

47. As described more fully above, after receiving his credit report in March of 2024, Plaintiff disputed the Midland account three separate times with Defendant.

48. Each of Plaintiff's disputes included a signed document stating that Midland had released Plaintiff of all claims.

49. Defendant had first-hand knowledge that the Alleged Account was an account that should have been included in the Mutual Release, because Defendant was already reporting the Alleged Account as being owed to Midland prior to the execution date of the Mutual Release.

50. Nevertheless, in the two sets of dispute results that Defendant sent to Plaintiff, Defendant not only verified the Midland tradeline, but Defendant actually indicated that a higher amount was owed compared to the initial credit report.

51. Due to Defendant's failure to conduct reasonable investigations regarding Plaintiff's disputes, the Midland account on Plaintiff's credit report was not appropriately deleted.

5

52. The improper reporting of the Midland account has hampered Plaintiff's ability to obtain credit and pursue other opportunities.

53. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, detriment to his credit rating, and emotional distress.

*Count I – Violation of the Fair Credit Reporting Act*

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

56. Defendant willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct reasonable reinvestigations of Plaintiff's disputes, by failing to investigate the Third Dispute by falsely indicating the dispute had not been sent directly by Plaintiff, and by failing to appropriately delete or modify information in Plaintiff's file.

57. As a result of Defendant's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

58. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

59.   Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for actual damages, punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

### TRIAL BY JURY

60.   Plaintiff is entitled to and hereby requests a trial by jury.

*/s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
P: (570) 589-0010

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

## **CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Brett*

Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
P: (570) 589-0010

8

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

# EXHIBIT A
## The Mutual Release

2024-21912-0000  9/16/2024 9:12 AM  # 14577567
Rcpt#2024-65-00509  Fee:$290.00  Complaint Civil Action
Exhibit A (Public)
MontCo Prothonotary

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

## Mutual Release

The undersigned, Matthew Lennon and Midland Credit Management, Inc., agree that, in consideration for the dismissal of the lawsuit pending at MJ-38102-CV-0000109-2023 with prejudice:

Matthew Lennon releases Midland Credit Management, Inc. and all employees and attorneys from all claims.

Midland Credit Management, Inc. releases Matthew Lennon and all attorneys from all claims.

No other parties or companies are released that are not named in this release. A facsimile signature shall be considered an original, and this document may be signed in counterpart. The parties acknowledge that the claims being released are the subject of good-faith disputes, and therefore the release of the debt in this matter does not constitute the "discharge of indebtedness" as used in 26 U.S.C. § 6050P. As a result, neither party will issue a 1099 to the other. As part of this release, Midland Credit Management, Inc. will request the deletion of any tradeline associated with the claims released herein.

Dated: 01 / 04 / 2024

*Matthew Lennon*
Matthew Lennon

Dated: 1|8|24

Midland Credit Management, Inc.
By:

Sign Here

Kristina Homolski
Plaintiff's Counsel
Print Name and Title Here

Doc ID: 912b815d709bdd85b6cab594b55575045d76c569
Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

**✕ Dropbox** Sign                                                                                           Audit trail

| | |
|---|---|
| Title | Midland v Lennon Mutual Release.pdf |
| File name | Midland_v_Lennon_Mutual_Release.pdf |
| Document ID | 912b815d709bdd85b6cab594b55575045d76c569 |
| Audit trail date format | MM / DD / YYYY |
| Status | ⦿ Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
**01 / 04 / 2024**  
18:35:16 UTC  
Sent for signature to Matthew Lennon (matthew.e.lennon@gmail.com) from brett@freeman.law  
IP: 68.70.25.163

**VIEWED**  
**01 / 04 / 2024**  
18:35:46 UTC  
Viewed by Matthew Lennon (matthew.e.lennon@gmail.com)  
IP: 172.56.219.88

**SIGNED**  
**01 / 04 / 2024**  
18:37:00 UTC  
Signed by Matthew Lennon (matthew.e.lennon@gmail.com)  
IP: 172.56.219.88

**COMPLETED**  
**01 / 04 / 2024**  
18:37:00 UTC  
The document has been completed.

Powered by ✕ Dropbox Sign

Doc ID: 8f40744a57f5200606a1f8fb2afc5ad044c09574

## Verification of Complaint and Certification
## by Plaintiff Matthew Lennon

Plaintiff, Matthew Lennon, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Date: 09 / 10 / 2024

*Matthew Lennon*

Matthew Lennon

## ✄ Dropbox Sign

Audit trail

| | |
|---|---|
| Title | Lennon v Experian Complaint.pdf |
| File name | Lennon%20v%20Experian%20Complaint.pdf |
| Document ID | 8f40744a57f5200606a1f8fb2afc5ad044c09574 |
| Audit trail date format | MM / DD / YYYY |
| Status | ○ Signed |

This document was requested from app.clio.com

## Document History

**SENT** — 09 / 10 / 2024  18:25:24 UTC
Sent for signature to Matthew Lennon (matthew.e.lennon@gmail.com) from brett@freeman.law
IP: 68.70.25.163

**VIEWED** — 09 / 10 / 2024  18:25:47 UTC
Viewed by Matthew Lennon (matthew.e.lennon@gmail.com)
IP: 72.94.151.203

**SIGNED** — 09 / 10 / 2024  18:26:59 UTC
Signed by Matthew Lennon (matthew.e.lennon@gmail.com)
IP: 72.94.151.203

**COMPLETED** — 09 / 10 / 2024  18:26:59 UTC
The document has been completed.

Powered by ✄ Dropbox Sign