**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Matthew Lennon,<br><br>            Plaintiff,<br><br>      v.<br><br>Experian Information Services, Inc.,<br><br>            Defendant. | Civil Action No. 2:24-cv-05548 |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Matthew Lennon's ("Plaintiff") Complaint (the "Complaint") as follows:

### I.      RESPONSE TO INTRODUCTORY STATEMENT

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has brought this action for alleged violations of the Fair Credit Reporting Act ("FCRA") against Experian.  Experian further admits that the Complaint seeks damages.  Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

### II.      RESPONSE TO PARTIES

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged he resides at 418 Roslyn Ave., Glenside, PA 19038.

3.      In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.      In response to paragraph 4 of the Complaint, Experian admits that it is an Ohio Corporation, with its principal place of business in Costa Mesa, California that is qualified to do business and conducts business in the Commonwealth of Pennsylvania.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

## III.    RESPONSE TO JURISDICTION AND VENUE

6.      In response to paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the FCRA, 15 U.S.C. § 1681p.  Experian states that this is a legal conclusion which is not subject to denial or admission.

7.      In response to paragraph 7 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## IV.    RESPONSE TO FACTUAL ALLEGATIONS

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 10 of the Complaint, Experian admits that Exhibit A, attached to the Complaint, appears to be a true and correct copy of a document, titled "Mutual Release," entered into by Plaintiff and Midland Credit Management, Inc.  Experian states that Exhibit A speaks for itself and, on that basis, denies any allegations of paragraph 10 inconsistent therewith.

11.     In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18.     In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19.     In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.     In response to paragraph 31 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34.     In response to paragraph 34 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.     In response to paragraph 43 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

44.     In response to paragraph 44 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

45.     In response to paragraph 45 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of a letter sent by Experian to Plaintiff.  Experian

affirmatively states that the depicted portion of a letter speaks for itself and, on that basis, denies any allegations of paragraph 45 inconsistent therewith.

46.     In response to paragraph 46 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51.     In response to paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.     In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## V.     RESPONSE TO COUNT I – VIOLATION OF FAIR CREDIT REPORTING ACT

54.     In response to paragraph 54 of the Complaint, Experian repeats, reiterates, and re-alleges each and every answer to the allegations in all foregoing paragraphs of the Complaint, with the same force and effect as if set forth at length herein.

55.     In response to paragraph 55 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Experian denies that it in any way violated the FCRA or any other law.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

56.     In response to paragraph 56 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Experian denies that it in any way violated the FCRA or any other law.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

57.     In response to paragraph 57 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Experian denies that it in any way violated the FCRA or any other law.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 57 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

58.     In response to paragraph 58 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Experian denies that it in any way violated the FCRA or any other law.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

59.     In response to paragraph 59 of the Complaint, Experian states that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Experian denies that it in any way violated the FCRA or any other law.  To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

Experian denies the allegations contained in the unnumbered paragraph beginning with "WHEREFORE" and specifically denies that Plaintiff is entitled to judgment against, or any relief whatsoever, from Experian in this action.

## VI.     RESPONSE TO TRIAL BY JURY

60.     In response to paragraph 60 of the Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## <u>AFFIRMATIVE DEFENSES</u>

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

All or part of the claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint and each claim for relief therein are barred by laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Immunity)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## NINTH AFFIRMATIVE DEFENSE
### (Arbitration)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:  October 25, 2024                    Respectfully submitted,


                                            */s/ Mohammad A. Ghiasuddin*
                                            Mohammad Ghiasuddin
                                            Pa. Bar No. 83925
                                            MARGOLIS EDELSTEIN
                                            The Curtis Center
                                            170 S Independence Mall W, Suite 400E
                                            Philadelphia PA  19106-3337
                                            Telephone: 215-931-5802
                                            Facsimile: 215-922-1772
                                            mghiasuddin@margolisedelstein.com

                                            Elijah L. Coryell (*pro hac vice* pending)
                                            Pa. Bar No. 334052
                                            JONES DAY
                                            500 Grant Street, Suite 4500
                                            Pittsburgh, PA 15219-2514
                                            Telephone:  412-394-9545
                                            Facsimile:  412-394-7959
                                            ecoryell@jonesday.com

                                            *Counsel for Defendant*
                                            *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

*/s/ Mohammad A. Ghiasuddin*
*Counsel for Defendant*
*Experian Information Solutions, Inc.*