IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Matthew Lennon,<br><br>        Plaintiff,<br><br>   v.<br><br>Experian Information Services, Inc.,<br><br>        Defendant. | Civil Action No. 2:24-cv-05548-NIQA |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 8, 2024 and submit the following report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses and Relevant Issue**

Plaintiff:  Plaintiff brought this lawsuit based on violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* based on Defendant's handling of disputes Plaintiff made to it. Specifically, multiple times Plaintiff informed Defendant that a Midland Credit Management account should not be listed on his credit report, because he had entered into a mutual release with Midland that included "all claims." However, rather than delete the information from Plaintiff's credit report, Defendant twice verified the erroneous tradeline. And, in response to Plaintiff's third dispute, Defendant refused to even conduct an investigation, stating that it believed, for some unknown reason, that Plaintiff's dispute had not been sent directly by Plaintiff. Plaintiff did in fact mail this dispute himself to Defendant. But, even if he had not, Defendant is still not permitted to refuse to investigate a dispute such as the one asserted by Plaintiff. Furthermore, Plaintiff alleges that Defendant did not maintain reasonable procedures to assure the maximum possible accuracy of the information contained in credit reports. Defendant's violations were both willful and negligent. Pursuant to the Fair Credit Reporting Act, Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, attorney's fees, and costs.

Experian:  This is an action for damages brought by an individual consumer against Experian Information Solutions, Inc. ("Experian") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others.  Experian does not generate credit information itself, nor does it make loans, set loan terms, or decide who is eligible to receive credit.

Experian denies that it violated the FCRA, and denies Plaintiff's claims as set forth in their Complaint. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. Further, in recognizing that no credit reporting system can be error free, Congress specifically provided consumer with the ability to directly contact credit reporting agencies to dispute information appearing on their credit disclosures. When so disputed, Experian must conduct a reasonable reinvestigation of the information in question to determine whether it is indeed accurate.

At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. Additionally, upon receipt of the disputes in question, it properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. Further, Experian acted in good faith and without malice or intent to injure Plaintiff, and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Experian denies that Plaintiff can support a claim for punitive damages in this action. Plaintiff's investigation of Plaintiff's claims remain ongoing.

## 2. Informal Disclosures

Plaintiff's Initial Disclosures: November 8, 2024

Experian's Initial Disclosures: November 7, 2024

## 3. Formal Discovery

Plaintiff: Plaintiff will serve written discovery requests, and take deposition testimony, regarding the disputes and investigations that took place regarding Plaintiff, and also Defendant's internal policies and procedures. Plaintiff also expects to obtain an expert witness regarding these policies and procedures, as well as Plaintiff's damages. Plaintiff reserves the right to seek additional discovery.

Experian: Experian will be serving Plaintiff with Interrogatories, Requests for Production of Documents, and Requests for Admissions and will also seek to depose Plaintiff regarding his claims and damages. Defendants reserve the right for expert discovery and to depose third parties, including any credit grantor who plaintiff alleges denied him credit or otherwise inured Plaintiff, and/or any medical examiner or other person who may have examined Plaintiff for alleged mental injury, and/or any expert witness to testify at trial.

### a. Identification of information each party needs in discovery

Plaintiff: Documents and testimony regarding: (1) Defendant's receipt, processing, and investigation of Plaintiff's disputes; (2) Defendant's policies and procedures related to dispute processing, including but not limited to disputes where a consumer alleges that a debt was included in a mutual release. Net worth and other information relevant to Plaintiff's claim for punitive damages. Plaintiff reserves the right to seek additional discovery.

Experian: (a) Plaintiff's credit background; (b) the basis for Plaintiff's factual allegations; (c) communications between Plaintiff and Experian; (d) information relating to the disputed tradeline, its furnisher, and Plaintiff's litigation with furnisher over the underlying account; and (e) information regarding Plaintiff's alleged damages, including, but not limited to, any expenses, increased rates, credit denials, emotional damages, and any other damages Plaintiff alleges.

    **b. Proposed Discovery Schedule**

| | |
|---|---|
| Deadline to complete fact discovery: | April 1, 2025 |
| Deadline for affirmative expert reports: | June 1, 2025 |
| Deadline for rebuttal expert reports: | July 1, 2025 |
| Deadline to complete expert discovery: | July 1, 2025 |
| Deadline for Daubert motions: | July 15, 2025 |
| Deadline for dispositive motions: | August 1, 2025 |
| Deadline for answer to dispositive motions: | September 1, 2025 |
| Deadline for rebuttal to answers: | September 15, 2025 |

**4. Electronic Discovery**

The parties agree to produce any electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.

**5. Expert Witness Disclosures**

Plaintiff: Plaintiff has not yet retained an expert, but anticipates doing so regarding Defendant's policies and procedures, the investigations conducted in this matter, and damages.

Experian: Experian has not retained an expert at this time but reserves the right to do so. Experian may use expert opinion testimony to establish the reasonableness of its policies, procedures, and practices; evaluate causation; the extent of Plaintiff's damages; and to rebut any expert witness testimony offered by Plaintiff.

**6. Early Settlement or Resolution**

The parties agree to engage in a settlement conference after the close of discovery. In addition, the parties are open to early resolution of this matter and have commenced settlement discussions.

**7. Trial Date**

The parties request a trial date two months after dispositive motions, if any, are adjudicated. The parties expect the trial in this matter to las 2-3 days.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 15, 2024 | /s/ Brett M. Freeman |
|  | Brett Freeman |
|  | Pa. Bar No. 308834 |
|  | FREEMAN LAW |
|  | 606 Hamlin Highway, Suite 2 |
|  | Lake Ariel, PA 18436 |
|  | Telephone:  570-589-0010 |
|  | Fax:  570-456-5955 |
|  |  |
|  | *Counsel for Plaintiff* |
|  | *Matthew Lennon* |
|  |  |
| Dated:  November 15, 2024 | /s/ Elijah L. Coryell |
|  | Elijah L. Coryell (*pro hac vice*) |
|  | Pa. Bar No. 334052 |
|  | JONES DAY |
|  | 500 Grant Street, Suite 4500 |
|  | Pittsburgh, PA 15219-2514 |
|  | Telephone:  412-394-9545 |
|  | Facsimile:  412-394-7959 |
|  | ecoryell@jonesday.com |
|  |  |
|  | Mohammad A. Ghiasuddin |
|  | Pa. Bar. No. 83925 |
|  | MARGOLIS EDELSTEIN |
|  | 170 S. Independence Mall W, Ste 400E |
|  | Philadelphia, PA 19106-3337 |
|  | (215) 922-1100 |
|  | mghiasuddin@margolisedelstein.com |
|  |  |
|  | *Counsel for Defendant* |
|  | *Experian Information Solutions, Inc.* |